# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# LITTLE ROCK DIVISION

## CAPITAL CASE

STACEY EUGENE JOHNSON                                                                PLAINTIFF

v.                          Case No. 5:17-cv-00112 KGB

WENDY KELLEY, *et al.*                                                          DEFENDANTS

## ORDER

Plaintiff Stacey Eugene Johnson brings this "as applied" challenge under 42 U.S.C. § 1983 and the Eighth Amendment of the United States Constitution to the state of Arkansas's lethal injection protocol. Mr. Johnson and eight other inmates serving on death row in Arkansas brought a "facial" challenge to Arkansas's lethal injection protocol in a separate action before this Court. *See McGehee v. Hutchinson*, No. 4:17-cv-00179 (E.D. Ark. filed March 27, 2017). Plaintiffs filed *McGehee* on March 27, 2017. A complete procedural history of the events leading to the filing of the complaint in *McGehee* is included in the Court's Order on plaintiffs' motion for a preliminary injunction, and the Court adopts that history for the purposes of this Order. *McGehee v. Hutchinson*, No. 4:17-cv-00179 (E.D. Ark. filed Apr. 15, 2017) (order granting motion for preliminary injunction).

After permitting limited expedited discovery and conducting a four-day evidentiary hearing, the Court granted plaintiffs' motion for a preliminary injunction and stayed plaintiffs' executions. On April 17, 2017, the Eighth Circuit Court of Appeals, sitting *en banc*, concluded that this Court abused its discretion in staying the executions and granted the state of Arkansas's motion to vacate the stays. *See McGehee v. Hutchinson*, No. 12-1804, slip op. at *2 (8th Cir. Apr. 17, 2017) (per curiam). In its decision, the Eighth Circuit found that "the prisoners' use of

'piecemeal litigation' and dilatory tactics is sufficient reason by itself to deny a stay." *Id.*, at *3 (quoting *Hill v. McDonough*, 547 U.S. 573, 584-85 (2006)).

Mr. Johnson, who is scheduled to be executed on April 20, 2017, filed this action on April 17, 2017. In this action, Mr. Johnson claims that, due to his "unique and specific medical conditions[,] . . . there is a substantial and unjustifiable risk that Arkansas's lethal-injection protocol will affect Mr. Johnson differently than an average healthy inmate and will cause severe pain and serious harm to him" (Dkt. No. 2, at 1). In his complaint, Mr. Johnson states that he "suffers from multiple health conditions, including hypertension, angina and probable lung and heart disease" (*Id.*, at 2). Mr. Johnson attaches a declaration of his expert witness, Joel Zivot, M.D., dated April 14, 2017 (*Id.*, at 16-21). Dr. Zivot performed a physical examination of Mr. Johnson on March 23, 2017 (*Id.*, at 18). Dr. Zivot testified as a plaintiffs' expert in *McGehee*.

On April 18, 2017, the Court entered a Show Cause Order, directing Mr. Johnson to show cause why this Court should not find, consistent with the Eighth Circuit's decision in *McGehee*, that this action must be dismissed (Dkt. No. 11). Mr. Johnson filed a timely response to the Court's Show Cause Order (Dkt. No. 15).

Consistent with and based upon the Eighth Circuit's decision in *McGehee*, the Court finds that Mr. Johnson was not diligent in bringing this action and rejects Mr. Johnson's arguments to the contrary. In his response to the Court's Show Cause Order, Mr. Johnson argues that he was not dilatory in filing his as applied claim on April 17, 2017, because:

1. His as-applied claim is analogous to a competency claim under *Ford v. Wainwright*, 477 U.S. 399 (1986), meaning he "was not dilatory in bringing the instant action because an as-applied challenge should ripen with an execution date" (*Id.*, at 1); and

2. His medical condition is fluid and has gotten worse, meaning "assessment of the risks of the lethal injection protocol should be assessed at the time his execution is imminent" (*Id.*, at 2).

Even assuming that Mr. Johnson is correct that his claim did not become ripe until Governor Hutchinson set his execution date on February 27, 2017, and that his physical condition should be evaluated when execution is imminent, the Court finds that, consistent with and based upon the Eighth Circuit's decision in *McGehee*, Mr. Johnson was not diligent in bringing this action. Mr. Johnson filed a facial challenge to the lethal injection protocol on March 27, 2017. Dr. Zivot examined Mr. Johnson on March 23, 2017, before the complaint in *McGehee* was filed (Dkt. No. 15, at 18). In the light of the Eighth Circuit's decision in *McGehee* and based upon that decision, the Court finds that Mr. Johnson could and should have brought his as applied claim earlier than April 17, 2017. He provides no good reason for why his as applied claim could not have been included in *McGehee* or been filed at the same time as *McGehee*. Consistent with and based on the Eighth Circuit's decision in *McGehee*, the Court finds that Mr. Johnson has split his claims and has not been diligent in pursuing his as applied claims.

The Court determines that a hearing on this issue is unwarranted. A court considering a stay of execution must "apply 'a strong equitable presumption against the grant of a stay where a claim could have been brought at such a time as to allow consideration of the merits without requiring entry of a stay.'" *Hill*, 547 U.S. at 584 (quoting *Nelson v. Campbell*, 541 U.S. 637, 650 (2004)). That same equitable standard applies to this as-applied challenge. *See Johnson v. Lombardi*, 809 F.3d 388, 389 (8th Cir. 2015) (reciting the *Hill* standard when denying a motion for stay of execution based on an as-applied challenge to the method of execution). Consistent with and based on the Eighth Circuit's decision in *McGehee* the Court finds that this "strong

3

equitable presumption" weighs against granting Mr. Johnson declaratory and injunctive relief in this action. Consistent with and based on the Eighth Circuit's decision in *McGehee*, the Court finds that Mr. Johnson's use of "piecemeal litigation" and dilatory tactics is a sufficient reason to deny a stay. *See McGehee*, No. 12-1804, slip op. at \*2. The Court dismisses this action with prejudice. All pending motions are denied as moot.

So ordered this 18th day of April, 2017.

_____
Kristine G. Baker
United States District Judge